FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY MOORE, on his own behalf
and on behalf of those similarly
situated,

CASE NO.: 8:17-cv-726-T-36 MAP

Plaintiff,

vs.

U.S. WATER SERVICES
CORPORATION,

Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)

Plaintiff, JIMMY MOORE, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, U.S. WATER SERVICES CORPORATION, ("U.S. WATER" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

TPA042644

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, a water utility and water systems distribution operator company, violated the FLSA by failing to pay Plaintiff and other similarly-situated water/wastewater operators time and one-half compensation for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every water/wastewater operator classified by Defendant as an "independent contractor" who performed services for Defendant at any time within the past three (3) years.

## PARTIES

8. Plaintiff, and those similarly situated individuals ("class members"), were water/wastewater operators classified as "independent contractors" and paid on an hourly basis for services performed for Defendant.

9. Defendant, U.S. WATER, is a Florida Profit Corporation.

10. Defendant, a company incorporated in Florida, provides local governments, utility authorities, and private owners with all services related to drinking water production, wastewater treatment, monitoring and customer service. *See* Defendant's website at http://www.uswatercorp.com/.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant, U.S. WATER, conducts business in, among others, Pasco County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, tools and equipment).

## FACTUAL ALLEGATIONS

17. Defendant, U.S. WATER, is a company classified as a water utilities and water systems distribution operator company.

18. Defendant, U.S. WATER, has a common pay policy and/or pay practice which classifies certain water/wastewater operators as independent contractors and which fails to pay certain hourly paid water/wastewater operators at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

19. Plaintiff, JIMMY MOORE, performed non-exempt water/wastewater operator services for Defendant in exchange for an hourly rate.

20. Plaintiff worked in this capacity from approximately April 2015 through December 2016.

21. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

22. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

23. Instead, Defendant paid Plaintiff, and those similarly situated to him, his/their regular hourly rate for all hours worked including those over forty (40) per workweek.

24. Upon information and belief, Defendant had/has a company-wide policy of failing to pay all of its water/wastewater operators proper overtime compensation for all of their overtime hours worked.

25. Plaintiff, and those similarly situated to him, are/were economically dependent upon the compensation they received for their exclusive work performed for U.S. WATER.

26. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

27. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28. Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above.

30. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

31. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one-half compensation for same.

32. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

34. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;
>
> c) Liquidated damages;
>
> d) Reasonable attorneys' fees and costs incurred in this action;
>
> e) Pre- and post-judgment interest as provided by law;
>
> f) Trial by jury on all issues so triable;
>
> g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 3/20/17 .

Respectfully submitted by,

_____
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff